IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**VICTOR R. PLENGE FARFAN**,

    Plaintiff,

v.                                                                                                  No. Civ.  12-829 JCH/RHS

**JOHN BARNCASTLE**

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on pro se Defendant John Barncastle's *Application to Proceed in District Court without Prepaying Fees of Costs* (hereinafter called "motion to proceed IFP"), filed July 30, 2012 (Doc. 3), and on the Court's concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005).   Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief."  § 1915(e).  "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action."  *Lister*, 408 F.3d at 1312.

A case may be dismissed *sua sponte* as frivolous under § 1915(e)(2) if it "lacks even an arguable basis in law."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  Frivolous claims that may be dismissed *sua sponte* include those "based on an indisputably meritless legal theory." *Id.* at 327. Section 1915(e)(2) "rationally advances the legitimate goal of removing meritless cases from the

federal dockets by allowing the courts to review *sua sponte* claims that are particularly likely to lack merit, since indigent litigants have less financial incentive than do paying litigants to screen their potential claims." *Curley v. Perry*, 246 F.3d 1278, 1285 (10th Cir. 2001).

The matter also comes before the Court on its "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party" at any stage in the litigation. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). As discussed below, the Court concludes that Barncastle's motion to proceed IFP should be denied, and this case dismissed, because this Court does not have subject-matter jurisdiction over a cause of action that cannot be removed here.

Barncastle has filed only a *Motion for Extension of Time to File a Notice of Removal*. Doc. 1. He desires to remove to this Court his civil proceedings that have become final in the New Mexico state courts. *See id.* at 1 (stating that he "desires to appeal the decision in . . . . CV-2011-00880" because the New Mexico Supreme Court denied certiorari on June 29, 2012, and the New Mexico Court of Appeals affirmed the decision on April 26, 2012). Our removal statute provides only for removal of an action when the federal court has "original jurisdiction" over the action because it is "founded on a claim or right arising" under federal law[1]. 28 U.S.C. § 1441(b).

> [A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action [in state court] shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States. . . . As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim.

---

[1] A quick review of the state-court docket sheet indicates that Farfan's action against Barncastle was based on nonpayment of rent and eviction, and not on Farfan's effort to enforce his federal rights.

2

*Beneficial Nat'l Bank v. Anderson.*, 539 U.S. 1, 6 (2003) (citations and internal quotation marks omitted).  Thus, insofar as Barncastle is seeking to appeal from the final decision affirming the district court's orders, federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.  Review of those decisions may be had only in [the United States Supreme] Court."  *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (noting that the *Rooker-Feldman* doctrine prevents federal district courts from assuming jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").  Any potential attempt to remove his case is frivolous, and this case must be dismissed for lack of subject-matter jurisdiction.  *See* FED. R. CIV. P.  12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Accordingly, Barncastle also is not entitled to proceed IFP and his motion to proceed IFP must be denied.  *See Lister*,  408 F.3d at 1312.

**IT IS ORDERED** that Barncastle's motions to proceed IFP (Doc. 3) is denied; and that this case is dismissed without prejudice for lack of subject-matter jurisdiction.

_____
UNITED STATES DISTRICT JUDGE